UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEFANIE B.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C18-5680 JCC

ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in evaluating the medical evidence and her testimony, and determining her severe impairments and functional limitations. Dkt. 11. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

I.     BACKGROUND

Plaintiff is currently 46 years old, has a limited education, and has worked as a home attendant and a cashier. Dkt. 8, Administrative Record (AR) 27-28. Plaintiff filed a prior application alleging disability as of March 2013, which was denied and became administratively final as of May 13, 2014. AR 87, 106-07, 17. Plaintiff filed the application at issue here in

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

January 2015, alleging the same March 2013 disability onset date. AR 109. Plaintiff's application was denied initially and on reconsideration. AR 108, 120. After the ALJ conducted a hearing in March 2017, the ALJ issued a decision finding Plaintiff not disabled since May 14, 2014. AR 39, 17-29.

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the March 2013 alleged onset date.

Step two: Plaintiff has the following severe impairments: seizure disorder, history of tachycardia, and premature ventricular complexes.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity (RFC): Plaintiff can perform work at all exertional levels. She cannot climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. She must avoid concentrated exposure to extreme temperatures, humidity, noise, pulmonary irritants, or hazards. She must not drive.

Step four: Plaintiff can perform past relevant work as a home attendant and a cashier.

Step five: In the alternative, as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 19-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## III. DISCUSSION

Plaintiff contends the ALJ erred by failing to find that her depression and anxiety were severe impairments, by discounting the opinions of three doctors and Plaintiff's testimony, and

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

by failing to include limitations on exposure to bright light in the RFC. Dkt. 11.

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.     The ALJ Erred by Failing to Address the Opinions of Erum Khaleeq, M.D.**

On April 23, 2014, Dr. Khaleeq performed a clinical interview and mental status examination, and diagnosed Plaintiff with adjustment disorder and "[d]epression due to a general medical condition…." AR 342. Dr. Khaleeq opined that Plaintiff could perform simple tasks but may have "some difficulty" with complex tasks, may perform slowly, and may have attendance issues, and opined that usual workplace stress could further aggravate her depression. AR 343.

The ALJ did not discuss Dr. Khaleeq's opinions. An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The Commissioner contends the ALJ did not err, because the opinions were submitted for Plaintiff's prior application, which was denied and became administratively final as of May 13, 2014. Dkt. 12 at 12. But Dr. Khaleeq's opinions were part of the record before the ALJ on the current application, and the ALJ expressly admitted them into evidence. *See* AR 42 (admitting exhibits); Court Transcript Index, Dkt. 8 at 4. Plaintiff alleged disability beginning March 2013, a year before Dr. Khaleeq's April 2014 opinions. The ALJ noted that the record contained evidence from the prior application, and stated that he "reviewed and considered [it] to the extent it reflects on the claimant's functioning since May 14, 2014." AR 17. The record contains no evidence that Plaintiff's condition changed between Dr. Khaleeq's April 23 opinions and the May 14 start of the relevant period, and thus Dr. Khaleeq's opinions reflect on Plaintiff's functioning during the relevant time period.

The Commissioner argues that "the agency considered [Dr. Khaleeq's opinions] as part of [Plaintiff's] prior application." Dkt. 12 at 12. In the prior application process, based on Dr. Khaleeq's findings of impaired recall and anxiety, the agency noted Plaintiff "would have difficulty attending to and remembering more detailed instructions" and limited her to unskilled work. *See* AR 99 (summarizing 4/23/14 report), 104-05, 106. If the ALJ was relying on the agency's prior analysis of Dr. Khaleeq's opinions, he would have incorporated the prior limitations that the agency imposed based on the opinions. Yet in the current application, the

ALJ did not limit Plaintiff to unskilled work, and in fact included no nonphysical limitations in the RFC. AR 22.

The Court concludes the ALJ erred in disregarding Dr. Khaleeq's opinions without explanation. On remand, the ALJ should evaluate Dr. Khaleeq's opinions.

### B. The ALJ Erred by Discounting Two Nonexamining Doctors' Opinions

An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). State agency nonexamining doctors Thomas Clifford, Ph.D., and Matthew Comrie, Psy.D., opined that Plaintiff was "[m]oderately limited" in the "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." AR 116, 130. They further explained that Plaintiff's "mental health s[ymptoms] reduce daily attendance" but that she "can persist the majority of the time." AR 116, 130. The ALJ gave these opinions "[l]ittle weight" because they were vague and inconsistent with the evidence in the record. AR 21.

The ALJ concluded the opinions were inconsistent with the record because Plaintiff "has not sought ongoing care for any mental health impairment and has not consistently reported symptoms of any mental health impairment." AR 21. Substantial evidence does not support this finding. Beginning July 2013 and continuing through the relevant period, Plaintiff was prescribed venlafaxine for generalized anxiety disorder. AR 513; AR 51. In April 2014 Dr. Khaleeq diagnosed Plaintiff with depression, although she reported "[n]o depression" to her provider that same month. AR 342, 363. Plaintiff reported an attempt to overdose in September 2014. AR 356. In December 2014, Plaintiff reported depression and her provider observed anxious mood and diagnosed her with depressive disorder. AR 351-52. In March 2015, Plaintiff

was hospitalized for overdosing with intent to hurt herself, and the provider noted depressed mood and suicidal ideation. AR 627. In July 2015, an examining doctor observed "sad" mood and flat affect, and diagnosed major depression. AR 457-58. In short, Plaintiff was consistently diagnosed with and medicated for mental health impairments throughout the relevant period. The Court concludes the ALJ erred by dismissing Dr. Clifford's and Dr. Comrie's opinions as inconsistent with the record.

The ALJ did not explain why he thought the opinions were "vague." AR 21. The Commissioner argues that the ALJ was entitled to reject the opinions because they did not specify the number of days Plaintiff would be late or absent. Dkt.t 12 at 11. The Court notes that the doctors were filling out the Commissioner's own Disability Determination Explanation forms, and that "moderately limited" is a designation that the Commissioner has chosen to use and therefore must find meaningful. It is an ALJ's task to translate medical opinions into an RFC formulation "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). If the ALJ was unable to translate Dr. Clifford's and Dr. Comrie's opinions, which were specifically tailored to the Social Security disability context, into concrete limitations, then the ALJ had a duty to develop the record. *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Vagueness was not an adequate reason to discount the opinions.

The Court concludes the ALJ erred by discounting Dr. Clifford's and Dr. Comrie's opinions. On remand, the ALJ should reevaluate these opinions.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

## C. The ALJ Must Reevaluate Depression and Anxiety Impairments

The ALJ found that Plaintiff had the medically determinable impairments of "major depression [and] anxiety disorder" but concluded they were nonsevere. AR 20. Plaintiff contends the ALJ erred by failing to find depression or anxiety severe at step two, and failing to consider any resulting limitations in Plaintiff's ability to work. Dkt. 11 at 5. Any error is harmless at step two, because the ALJ found in Plaintiff's favor at that step. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). An ALJ's failure to consider an impairment severe at step two may be harmless at later steps in the decision, but only if the ALJ considered the functional limitations caused by that impairment. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, however, because the ALJ disregarded Dr. Khaleeq's opinions on Plaintiff's depression without comment, it is unclear whether the ALJ adequately considered any limitations resulting from depression. In discussing the evidence of mental health impairments at step two, the ALJ analyzed three medical opinions that address mental health impairments. AR 21. Two were the opinions of Dr. Clifford and Dr. Comrie, which must be reevaluated on remand. The ALJ included no nonphysical limitations in the RFC. AR 22. Under these circumstances, the Court cannot confidently conclude that the outcome of the disability determination would have been the same if the ALJ had considered Dr. Khaleeq's opinions and properly evaluated Dr. Clifford's and Dr. Comrie's opinions. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (reversing where ALJ did not even mention a doctor's opinion and court "cannot 'confidently conclude' that the error was harmless").

On remand, the ALJ should reevaluate Plaintiff's mental health impairments in light of Dr. Khaleeq's, Dr. Clifford's, and Dr. Comrie's opinions.

### D. The ALJ Erred by Rejecting Limitation on Bright Lights

Gary Gaffield, D.O., examined Plaintiff in November 2015. AR 459. The ALJ gave all of Dr. Gaffield's opinions "great weight" except his opinion that, because of her seizure disorder, Plaintiff must avoid bright lights. AR 27, 463. The ALJ rejected this limitation because Plaintiff had "not reported difficulty with bright lights" and used a "computer nearly all day and watche[d] television, both of which can be bright." AR 27. The ALJ's finding was not supported by substantial evidence. While Dr. Gaffield did note that Plaintiff stated she "spends most of her day working on a computer," Plaintiff testified that lights and television can be triggering. AR 460. She testified "when I watch T.V., the flashing of the lights and stuff…, even movement on the T.V. and stuff, I have to turn away at times because it feels like it's triggering…." AR 61. She testified to "an incident … where I realize, oh my goodness, I'm passing out, or seizuring from lights." AR 61. Although her computer use may not pose a problem, the uncontradicted evidence shows that television and lights do.

On remand, the ALJ should reassess the RFC in light of Dr. Gaffield's seizure restrictions.

### E. The ALJ Did Not Err by Discounting Plaintiff's Testimony

Plaintiff testified that she has seizures one or two times per month. AR 55-56. Her doctor said she "can't drive because of the seizures." AR 46. Because of knee and leg problems, she cannot walk up and down stairs without assistance. AR 60. A heart problem causes pain and it "feels like [her] head is going to blow." AR 64. If Plaintiff lifts something heavy, her ribs will "pop out" and cause great pain. AR 66. She can carry ten pounds maximum, walk a few blocks, and stand 30 minutes. AR 66. Plaintiff has difficulty concentrating due to headaches and as a result of hitting her head numerous times when having seizures. AR 67.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony based on inconsistent statements. AR 23-26. "Factors that an ALJ may consider in weighing a claimant's credibility include … inconsistencies in testimony or between testimony and conduct…." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *see also* Soc. Sec. Ruling 16-3p, SSR 16-3P (S.S.A. Oct. 25, 2017) ("we will consider the consistency of the individual's own statements. To do so, we will compare statements an individual makes in connection with the individual's claim for disability benefits with any existing statements the individual made under other circumstances.").

During the March 2017 hearing, Plaintiff testified that she drank alcohol on special occasions, averaging about once a month, consistently throughout the relevant period. AR 49-50. During a July 2015 consultative examination Plaintiff denied alcohol abuse. AR 456. Yet she told her providers she drinks daily. AR 363 (April 2014, "few beers a day"), 356 (Oct. 2014, "6 pack beer daily"), 627 (Mar. 2015, "consumes alcohol daily"). And she was counseled on and sought treatment for alcohol abuse. AR 352 (Dec. 2014, "Alcohol abuse – patient aware of problem"), 571 (Jan. 2015, "interested in counseling and resources to help with alcohol dependence"). The conflict between Plaintiff's statements in connection with her disability claim and statements to her providers undermines confidence in Plaintiff's testimony.

Plaintiff testified that she stopped working in 2013 due to her seizures and heart condition. AR 47-48. Yet she reported in a seizure questionnaire that her seizures began in

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

January 2015, and she told providers on January 15, 2015, that she "started to have seizures" about two weeks prior. AR 278, 573. Plaintiff testified that her seizures happened at least monthly, and that she had seven seizures between summer 2016 and the March 2017 hearing. AR 55-56. Yet Plaintiff told her treating neurologist that she had had only five seizures over an even longer period: May 2015 to January 2017. AR 597. These contradictions, particularly because they concern the central issue of her seizures, seriously undermine the reliability of Plaintiff's testimony.

Plaintiff does not address these clear inconsistencies in her briefing. The Court concludes the ALJ did not err by discounting Plaintiff's testimony based on inconsistent statements.

### F. Scope of Remand

Plaintiff requests the Court remand for an award of benefits or, in the alternative, for further administrative proceedings. Dkt. 11 at 14. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court concludes that enhancement of the record would be useful. It is the

ALJ's responsibility to resolve conflicts in medical testimony, yet the ALJ has not evaluated the opinions of Dr. Khaleeq and resolved any conflicts. *See Andrews*, 53 F.3d at 1039. And the record, as it stands, does not mandate a finding of disability. Plaintiff testified that, with treatment, her mental health has "gotten a lot better" and her doctor says she is "almost 100 percent on [her] mental health." AR 67. And there is no vocational expert testimony establishing whether incorporating a limitation on bright lights would reduce the vocational base. Accordingly, remand for further proceedings is appropriate in this case.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should evaluate Dr. Khaleeq's opinions, reevaluate Dr. Clifford's and Dr. Comrie's opinions, reassess Plaintiff's mental limitations, reconsider the RFC, and proceed to steps four and five as needed.

DATED this 12th day of March, 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE